APPEAL NUMBER 19-1314

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

V.

SANDRO ZHININ,
                              Appellant

REPLY BRIEF FOR APPELLANT

Appeal from Judgment in a Criminal Case Entered on
February 1, 2019, in the United States District Court for the Eastern
District of Pennsylvania, at Criminal Number 17-cr-383
by the Honorable Edward G. Smith

ROBERT EPSTEIN
Assistant Federal Defender

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540 West - Curtis Center
601 Walnut Street
Philadelphia, PA  19106
(215) 928-1100

# TABLE OF CONTENTS

**PAGE**

Table of Authorities ................................................................................. iii

Argument................................................................................................1

I.

The district court judge committed procedural error in sentencing Mr. Zhinin, a first time offender, to a life term of imprisonment where the judge:
1) acknowledged Mr. Zhinin's unwarranted disparity argument as being "very powerful," but failed to then respond to it, or to find that Mr. Zhinin's life sentence did not create unwarranted disparity with the thirty other defendants defense counsel specifically pointed to;
2) acknowledged, but failed to respond to the report and testing of the forensic psychologist who evaluated Mr. Zhinin and concluded that he is not a sociopath, is "amenable to treatment," and is "at a very low risk to reoffend;" and
3) explained his imposition of a life sentence by stating his personal belief that "there is an evilness that lurks within [Mr. Zhinin] . . . . an unmitigable evilness" that would make Mr. Zhinin "likely to commit another offense" should he ever be released from prison, no matter how advanced his age. .........................................................................1

A.    Mr. Zhinin's attorney preserved the issue of whether the court meaningfully considered her arguments for a variance ........................2

B.    The district court failed to acknowledge and respond to Mr. Zhinin's non-frivolous sentencing arguments ......................................6

C.    The government's arguments as to the merits are unavailing.............10

D.    The district court's rationale for imposing a life sentence was improper ...........................................................................................14

i

# TABLE OF CONTENTS (continued)

**PAGE**

II.

Mr. Zhinin's sentence of life imprisonment is substantively unreasonable given that the court's primary basis for it – the court's unsubstantiated speculation that Mr. Zhinin, a first time offender, would still be a "likely" recidivist even after serving a thirty-year mandatory minimum sentence because of the "unmitigable evil" lurking within him – was improper and one which no reasonable sentencing court would adopt. ...........................................................17

Conclusion ...............................................................................................19

Certificate of Bar Membership

Certification

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                **PAGE(S)**

*Chavez-Meza v. United States*,
    138 S.Ct. 1959 (2018) ........................................................................ 9

*Dillon v. United States*,
    560 U.S. 817 (2010) ........................................................................... 9

*Exxon Corp. v. Amoco Oil Co.*,
    875 F.2d 1085 (4th Cir. 1989) .......................................................... 4

*Rita v. United States*,
    551 U.S. 338 (2007) ........................................................................... 7

*Sealed Appellee v. Sealed Appellant*,
    825 F.3d 247 (5th Cir. 2016) ............................................................ 11

*United States v. Arsenault*,
    833 F.3d 24 (1st Cir. 2016) ............................................................... 11

*United States v. Ausburn*,
    502 F.3d 312 (3d Cir. 2007) ................................................... 6-7, 7-8

*United States v. Begin*,
    696 F.3d 405 (3d Cir. 2012) ...................................................... 3, 8

*United States v. Brown*,
    330 F.3d 1073 (8th Cir. 2003) .......................................................... 11

*United States v. Carey*,
    589 F.3d 187 (5th Cir. 2009) ............................................................ 11

*United States v. Carpenter*,
    803 F.3d 1224 (11th Cir. 2015) ......................................................... 5

*United States v. Cerno*,
    529 F.3d 926 (10th Cir. 2008) .......................................................... 11

*United States v. Cossey*,
    632 F.3d 82 (2d Cir. 2012) ........................................... 13, 15, 16, 17

*United States v. Davenport*,
    910 F.3d 1076 (8th Cir. 2018) .......................................................... 11

## TABLE OF AUTHORITIES - continued

*United States v. Diehl*,
    775 F.3d 714 (5th Cir. 2015) ............................................................... 5-6

*United States v. Flores-Mejia*,
    759 F.3d 253 (3d Cir. 2014) (en banc) ........................................... 2, 3

*United States v. Fraga*,
    704 F.3d 432 (5th Cir. 2013) ............................................................. 6

*United States v. Goodale*,
    738 F.3d 917 (8th Cir. 2013) ........................................................... 11

*United States v. Goode*,
    700 F. App'x 100 (3d Cir. 2017) ....................................................... 4

*United States v. Griess*,
    971 F.2d 1368 (6th Cir. 1992) ........................................................ 15

*United States v. Hardee*,
    639 F.App'x 854 (3d Cir. 2016) ........................................................ 4

*United States v. Hood*,
    143 F. App'x 94 (10th Cir. 2005) ................................................... 11

*United States v. Jackson*,
    467 F.3d 834 (3d Cir. 2006) ............................................................. 7

*United States v. Jansen*,
    431 F. App'x 51 (2d Cir. 2011) ...................................................... 11

*United States v. Jass*
    331 F. App'x 850 (2d Cir. 2009) .................................................... 11

*United States v. Mazer*,
    604 F. App'x 126 (3d Cir. 2015) .................................................... 11

*United States v. Melendez*,
    55 F.3d 130 (3d Cir. 1995) ............................................................ 4-5

*United States v. Olhovsky*,
    562 F.3d 530 (3d Cir 2009) ................................................. 13-14, 15

# TABLE OF AUTHORITIES - continued

*United States v. Pavulak,*
    700 F.3d 651 (3d Cir. 2012) ................................................................. 11

*United States v. Prawdzik,*
    484 F. App'x 717 (3d Cir. 2012) ........................................................ 10

*United States v. Puente,*
    267 F. App'x 863 (11th Cir. 2008) .................................................... 11

*United States v. Resnick,*
    823 F.3d 888 (7th Cir. 2016) ............................................................. 10

*United States v. Rivera,*
    365 F.3d 213 (3d Cir. 2004) ................................................................. 4

*United States v. Scottie,*
    985 F.2d 576 (9th Cir. 1993) ............................................................. 12

*United States v. Stull,*
    760 F. App'x 109 (3d Cir. 2019) ...................................................... 11

*United States v. Tomko,*
    562 F.3d 558 (3d Cir. 2009) (en banc) ........................................... 18

*United States v. Vasquez,*
    775 F.App'x 660 (11th Cir. 2019) ...................................................... 5

*United States v. Vazquez-Lebron,*
    582 F.3d 443 (3d Cir. 2009) ................................................................. 6

*United States v. Wallace*
    597 F.3d 794 (6th Cir. 2010) ............................................................... 6

*United States v. Walpole,*
    543 F. App'x 224 (3d Cir. 2013) ...................................................... 11

*United States v. Zabielski,*
    711 F.3d 381 (3d Cir. 2013) ............................................................. 15

## <u>TABLE OF AUTHORITIES - continued</u>

**STATUTES**

18 U.S.C. § 3582 ...................................................................... 9

18 U.S.C. § 3552 ...................................................................... 15

18 U.S.C. § 3553.................................................................... 5, 7

**RULES**

Fed. R. Crim. P. 51 .............................................................. 3, 4, 5

## ARGUMENT

## I.

**Whether the district court judge committed procedural error in sentencing Mr. Zhinin, a first time offender, to a life term of imprisonment where the judge:**

> **1) acknowledged Mr. Zhinin's unwarranted disparity argument as being "very powerful," but failed to actually then respond to it, or to find that Mr. Zhinin's life sentence did not create unwarranted disparity with the thirty other defendants defense counsel specifically pointed to;**
>
> **2) acknowledged, but failed to respond to the report and testing of the forensic psychologist who evaluated Mr. Zhinin and concluded that he is not a sociopath, is "amenable to treatment," and is "at a very low risk to reoffend;" and**
>
> **3) explained his imposition of a life sentence by stating his personal belief that "there is an evilness which lurks within [Mr. Zhinin] . . . . an unmitigable evilness" that would make Mr. Zhinin "likely to commit another offense" should he ever be released from prison, no matter how advanced his age?**

As discussed below, there are several things to dislike about the government's brief, the baseless accusations and unwarranted attacks on the integrity of undersigned counsel and the other attorneys of the Federal Defenders Office, to name just two.  But the brief does succeed in one respect: the government has unwittingly aided Mr. Zhinin's unwarranted disparity argument; indeed the government has conclusively established it.  Having undertaken an apparently exhaustive search, the government has not found a single case where a first-time offender like Mr. Zhinin has received a life sentence, or anything close to

1

it, for committing a comparable offense – sexual relations with an ostensibly

consenting post-pubescent minor, involving no force or coercion.  The only cases

that the government can point to where life sentences have been imposed are of

another magnitude altogether, forcible sexual assaults of non-consenting minors

under the most horrific circumstances imaginable.  The government, moreover, is

unable to identify where the district court actually responded to Mr. Zhinin's

unwarranted disparity argument, or found that Mr. Zhinin's life sentence did not

create an unwarranted sentencing disparity with all of the cases defense counsel

pointed to.  Accordingly, this case should be remanded for this reason alone.  And,

as discussed further below, and in Mr. Zhinin's opening brief, there are two

additional reasons for remand.  The government's brief fares no better with either

of those.

## A.    Mr. Zhinin's attorney preserved the issue of whether the court meaningfully considered her arguments for a variance

The government contends that Mr. Zhinin's objection to the district court's

sentencing explanation was deficient, but the government cites no authority in

support of that argument.  Defense counsel's objection, which specifically cited

this Court's controlling decision in *United States v. Flores-Mejia*, 759 F.3d 253 (3d

Cir. 2014) (*en banc*), was perfectly clear: the district court's sentencing

explanation failed to "consider [her] arguments."  (App. 125).  As the district court

judges in this circuit are well aware, this Court's *en banc* decision in *Flores-Mejia*

2

reaffirmed that district court judges must give "'meaningfully consideration'" to non-frivolous sentencing arguments by "'acknowledg[ing] and respond[ing]'" to them. *Id*. at 256 (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012)).

The government does not dispute that Mr. Zhinin's counsel, prior to making her objection, had made only two principal arguments, one based on unwarranted disparity and the other on Dr. Dattilio's testing and report. Accordingly, there was no confusion about which "arguments" defense counsel was referring to, and the district court judge in no way appeared confused; the judge noted the objection, thanked counsel for making it and concluded the proceedings, apparently believing he had sufficiently addressed counsel's arguments. Contrary to the government's argument, counsel's objection was plainly sufficient.[1]

Under Fed. R. Cr. P. 51, "[a] party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." As this Court has recognized,

---

[1] In an unfortunate display of cynicism, the government attributes to defense counsel a "goal" to "present the appearance of complying with *Flores-Mejia* . . . without actually alerting the district court to any deficiencies in the sentencing proceeding." Gov't Br. at 22: n. 6. Contrary to the government's baseless speculation, defense counsel specifically alerted the court as to what she believed to be the deficiency in the sentencing proceeding, the court's failure to consider her arguments, as *Flores-Mejia* requires.

3

"[c]ompliance with Rule 51 does not require 'surgical precision.'" *United States v. Rivera*, 365 F.3d 213, 214 (3d Cir. 2004) (quoting *Exxon Corp. v. Amoco Oil Co.*, 875 F.2d 1085, 1090 (4th Cir. 1989)). Accordingly, "putting the opposing party and the sentencing judge on notice of objections . . . at a sentencing proceeding is enough to fulfill Rule 51's requirement." *United States v. Hardee*, 639 F.App'x 854, 858 (3d Cir. 2016) (unpublished) (finding government's arguments to have been adequately preserved). Here, Mr. Zhinin's counsel clearly put the district court and opposing counsel on notice of her objection, and neither registered any confusion or concern about its nature.

Nevertheless, despite having registered no confusion below, the government now argues that defense counsel, rather than objecting that her two "arguments" had not been considered, should have instead restated each of those two arguments when making the objection. Gov't Br. at 22. This, however, is the type of "form over function" argument that this Court has repeatedly rejected from the government. *United States v. Goode*, 700 F. App'x 100, 102 (3d Cir. 2017) (unpublished) (rejecting government's argument that defendant did not preserve his issue relating to the district court's delay in holding a revocation hearing because he did not file a formal motion to dismiss); *United States v. Melendez*, 55 F.3d 130, 133 (3d Cir. 1995) (rejecting government's argument that defendant needed to "formally argue[ ] to the district court that the government's 5K1.1

departure motion empowered the court to depart below the 10-year statutory minimum[,]" where "the district court clearly understood" what the defendant was seeking and acceptance of the government's argument would "elevate form over substance."). Here, as in *Goode* and *Melendez*, the district court and the government well understood the meaning of defense counsel's objection and, as such, the objection fulfilled Rule 51's requirements.

Contrary to the government's argument, moreover, objections far less precise than the one at bar have been found adequate to preserve issues relating to a district court's sentencing explanation. *See United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015) ("object[ion] to the substantive and procedural reasonableness of the sentence" preserved appellate argument that district court failed to consider a number of § 3553(a) factors, and failed to provide a sufficient explanation for rejecting defendant's argument for downward variance, though it did not preserve challenge to special conditions of his supervised release); *United States v. Vasquez*, 775 F.App'x 660, 661 (11th Cir. 2019) (unpublished) (recognizing the continuing validity of *Carpenter*'s treatment of the preservation issue); *United States v. Diehl*, 775 F.3d 714, 719 (5th Cir. 2015) ("object[ion] to the sentence as being substantively and procedurally unreasonable" preserved arguments that district failed to adequately consider the "applicable Guidelines range [and] . . . [defendant's] reasons and arguments in favor of a lower

sentence."); *United States v. Fraga*, 704 F.3d 432, 437-38 (5th Cir. 2013)

(objection that "the sentencing judge did not adequately explain the sentence,"

preserved argument that the judge did "not adequately explain [ ] her reasons for . .

. . rejecting [defendant's] mitigation evidence . . . .").[2]

**B.    The district court failed to acknowledge and respond to Mr. Zhinin's non-frivolous sentencing arguments**

The government contends that the district court "adequately address[ed]"

Mr. Zhinin's disparity argument and Dr. Dattilio's report, Gov't Br. at 24, but in

the sixteen pages that the government spends on this point, the government fails to

identify where the court's explanation occurred.  The government is only able to

point to the court's acknowledgement of these arguments, but not to any actual

response.  Part of the problem here is that the government still refuses to recognize

this Court's requirement that district court's must "acknowledge *and respond* to

any properly presented sentencing argument."  *United States v. Ausburn*, 502 F.3d

---

[2] Even if the government were correct as to preservation, the district court's failure to meaningfully consider defense counsel's arguments satisfies the plain error standard, especially given the strength of those arguments and the court's imposition of a life sentence.  *See United States v. Vazquez-Lebron*, 582 F.3d 443, 447 (3d Cir. 2009) (holding that procedural error constituted "plain error" and recognizing that "[t]he lesson of our post-Booker jurisprudence is that different procedures may lead to different sentences, and thus an error of procedure is seldom harmless."); *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (finding plain error where district court failed to meaningfully consider the defendant's argument for a variance).

312, 328-29 (3d Cir. 2007) (emphasis added) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Instead, the government, as it always does in these cases, argues that this case is "controll[ed] by the Supreme Court's decision in *Rita* and that under *Rita* "when the record makes clear that the district court *heard* the defendant's arguments . . . the court is not required to say anything in particular upon denying a defendant's variance request . . . ." Gov't Br. at 40 (emphasis added).  The government misreads *Rita*.  But, even worse, the government refuses to acknowledge that this Court has read *Rita* differently.  This Court specifically cited and quoted *Rita* in stating its "concrete requirement" that a district court "must acknowledge and respond" to any properly presented sentencing argument:

> we have stated at least one concrete requirement to establish that the sentencing court gave meaningful consideration to the relevant § 3553(a) factors: the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.  *See Cooper*, supra note 31; *Jackson*, 467 F.3d at 841 ("[T]he record must show . . . a recognition of, and response to, the parties' non-frivolous arguments."); *accord Rita*, 127 S.Ct. at 2468 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant or prosecutor presents non-frivolous reasons for imposing a different sentence . . . the judge will normally . . . explain why he has rejected those arguments." (citations omitted)).

7

*Ausburn*, 502 F.3d at 329.  It is no surprise than, that the Court has consistently

reaffirmed the acknowledge-and-respond requirement post-*Rita* (including in

*Flores-Mejia* itself), despite the government's perennial broadsides against the

requirement.[3]

The government is thus dead wrong in arguing that it is adequate for a

district court to merely "hear" a defendant's arguments.  A district court must

"acknowledge and respond" to them, and that did not occur here.  The court

acknowledged counsel's arguments but never thereafter responded to them.  The

court thus never actually found that Mr. Zhinin's life sentence did not create an

unwarranted disparity with the other defendants that his counsel pointed to.[4]

---

[3] It is thus both remarkable and unfortunate that the government accuses undersigned counsel of "selectively editing" *Rita* and "misrepresenting" it to hold that a sentencing judge "should" respond to counsel's arguments.  Gov't Br. at 35-36 n.7.  As set forth above, this Court has explicitly stated that its requirement that a district court "must" respond to counsel's non-frivolous arguments is in "accord" with *Rita*.

[4] As this Court has recognized, the failure to acknowledge and respond to the parties' arguments frustrates this Court's appellate review.  *See United States v. Begin*, 696 F.3d 405, 414 (3d Cir. 2012).  It is impossible for this Court to know, for example, whether the district court determined that Mr. Zhinin's life sentence does not actually create unwarranted disparity, despite having acknowledged the "power" of counsel's argument in that regard, or whether the court instead decided that it was going to simply disregard this statutory sentencing factor because of its view that Mr. Zhinin is possessed by "unmitigable evil."  The latter, of course, would be legal error.  *Id.*  (remanding for resentencing because district court did not adequately address defendant's unwarranted disparity argument and rejecting government's argument that the court's sentencing explanation discussed enough of the other statutory sentencing factors so as to be considered sufficient).

In addition to *Rita*, the government now mistakenly relies upon the Supreme Court's decision in *Chavez-Meza v. United States*, 138 S.Ct. 1959 (2018). That case concerned a district court's explanation for a sentence imposed upon a motion for reduction of sentence, under 18 U.S.C. § 3582(c)(2), a motion that does not require "a plenary resentencing proceeding." 138 S.Ct. at 1965 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). The government misreads *Chavez-Meza* as holding that, consistent with *Rita*, the "judge's use of [a] preprinted form sufficed," for its sentencing explanation. Gov't Br at 34. What the Court actually held was that the district court judge's explanation was adequate because, in addition to the form, the judge's explanation from the original sentencing hearing could appropriately be incorporated. 138 S.Ct. at 1967 ("We therefore need not turn a blind eye to what the judge said at petitioner's initial sentencing."). Accordingly, the government gets no boost from *Chavez-Meza*. To the contrary, it is stunning that the government actually derives from this Supreme Court decision that it would be acceptable for a district court to use a preprinted form in a case such as this involving the imposition of a life sentence on a first-time offender.

The government also spends several pages of its brief discussing the reasons that the district court provided for Mr. Zhinin's sentence. Gov't Br. at 26-30. But, as discussed in Mr. Zhinin's opening brief, this Court has repeatedly made clear that the fact that a district court may have addressed other statutory sentencing

factors and provided reasons for its sentence, does not excuse a court's failure to acknowledge and respond to a party's non-frivolous sentencing arguments. *See* Appellant's Br. at 37-39. Nowhere, however, does the government address this point.

## C.    The government's arguments as to the merits are unavailing

The government devotes some ten pages of its brief to arguing that the unwarranted disparity argument was not even "colorable" and that Dr. Dattilio's report was "patently unreliable and undeserving of comment." Gov't Br. at 46, 49. These arguments fail.

As to unwarranted disparity, the government did not even contest defense counsel's argument below, and the district court, in acknowledging the argument, recognized it as being "very powerful." (App. 113). But, in now contending otherwise, the government offers seventeen cases which the government submits as proof that "life sentences for offenses like Zhinin's are by no means unprecedented." Gov't Br. at 43-44 (emphasis added). An examination of these cases, however, reveals the exact opposite. The offense conduct in all of them was far more severe than what occurred here as they all involved horrific cases of forcible sexual assaults against unconsenting minors.[5] These are the cases where

---

[5] *United States v. Prawdzik*, 484 F. App'x 717, 720 (3d Cir. 2012) (co-defendant received life sentence for sexually assaulting multiple minor children, including an infant); *United States v. Resnick*, 823 F.3d 888, 891 (7th Cir. 2016)

(defendant repeatedly raped a nine-year old boy over a two week period of time); *United States v. Stull*, 760 F. App'x 109, 110 (3d Cir. 2019) (not precedential) (defendant sexually assaulted his adopted daughter for ten years, starting when she was two years old); *United States v. Mazer*, 604 F. App'x 126, 128 (3d Cir. 2015) (not precedential) (defendant sexually assaulted two minors); *United States v. Walpole*, 543 F. App'x 224, 226 (3d Cir. 2013) (not precedential) (defendant sexually abused a ten-year old boy, secretly recorded a fourteen-year old, possessed 13,373 images of child pornography, and had a prior conviction for sexual assault on a minor); *United States v. Pavulak*, 700 F.3d 651, 656 (3d Cir. 2012) (defendant was sentenced to a mandatory life sentence where he had two prior Delaware state convictions for molesting two children, nine and eleven, and his instant offense included possessing child pornography, attempting to produce child pornography, and soliciting a woman to provide her two-year old daughter for sexual contact); *United States v. Davenport*, 910 F.3d 1076, 1079-80 (8th Cir. 2018) (defendant raped his daughter for several years starting when she was eleven years old); *United States v. Arsenault*, 833 F.3d 24, 27 (1st Cir. 2016) (defendant drugged and sexually abused special needs children that were in his care and he possessed more than 7,500 images and 250 videos of child pornography); *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 252-53 (5th Cir. 2016) (defendant sexually abused his daughter many times starting when she was eight years old); *United States v. Goodale*, 738 F.3d 917, 923-926 (8th Cir. 2013) (defendant, who had a prior record, sexually abused his son and nephew over a substantial number of years from the time they were seven and nine years old); *United States v. Jansen*, 431 F. App'x 51 (2d Cir. 2011) (as set forth in defendant's appellate brief, 2011 WL 2309349, defendant drugged and sexually abused her minor children); *United States v. Jass*, 331 F. App'x 850, 853-56 (2d Cir. 2009) (defendant and his wife drugged and sexually abused their minor daughter and her friend, after having sexually abused his daughter for years); *United States v. Carey*, 589 F.3d 187, 189 (5th Cir. 2009) (defendant violently raped his girlfriend's minor daughter on multiple occasions); *United States v. Cerno*, 529 F.3d 926, 930, 939-40 (10th Cir. 2008) (defendant, who was convicted of aggravated abuse of a minor, requiring physical force, received a life sentence, which was vacated because the district court failed to adequately address defendant's argument in mitigation); *United States v. Puente*, 267 F. App'x 863, 864 (11th Cir. 2008) (defendant committed aggravated sexual abuse of a child on multiple occasions, starting when she was six-years old and continuing for two years); *United States v. Hood*, 143 F. App'x 94, 95 (10th Cir. 2005) (defendant kidnapped a ten-year old child and repeatedly sexually abused her over a period of ten days); *United States v. Brown*, 330 F.3d 1073, 1076 (8th Cir. 2003) (defendant kidnapped a ten-year old girl and sexually

life sentences have been given for sex offenses. The government has thus actually helped to make Mr. Zhinin's point. Having utilized its resources for a comprehensive search, the government has failed to find a single case comparable to this one, in which a first-time offender like Mr. Zhinin, who engaged in non-forcible, sexual relations with an ostensibly consenting post-pubescent minor, received anything close to a life sentence. Thus, contrary to the government's argument, unwarranted disparity is not only colorable here, it has been powerfully established. Accordingly, for this reason alone, the case should be remanded so that the district court can properly address the issue.[6]

The government fares no better with respect to Dr. Dattilio's report. The government argues that the report was "patently unreliable" because Dr. Dattilio relied on Mr. Zhinin's false claim that he believed the minor to be eighteen. Gov't Br. at 47. But, as defense counsel argued below, Dr. Dattilio did not base his opinions simply on the representations of Mr. Zhinin, but rather upon his review of the entire evidence in the case and the extensive psychological testing that he

---

abused her over the course of three days); and *United States v. Scottie*, 985 F.2d 576 at *1-2 (9th Cir. 1993) (unpublished disposition) (defendant regularly sexually abused his foster daughter between her ages of nine and fourteen years).

[6] As in the opening brief, undersigned counsel does not wish to minimize Mr. Zhinin's offense, which certainly warrants a significant punishment. A life sentence, however, is far greater than necessary to achieve the purposes of sentencing and creates a substantial unwarranted disparity. The thirty-year mandatory minimum is more than sufficient punishment.

administered to Mr. Zhinin.[7]  That testing, which was in no way based on Mr. Zhinin's statements about the instant offense, demonstrated, among other things, that Mr. Zhinin is not a sociopath or psychopath, is "amenable to treatment" and is at a very low risk to reoffend."  (App. 155-57).

Accordingly, contrary to the government's argument, the district court here was not free merely to acknowledge the report without "say[ing] more."  Gov't Br. at 49.  The court was obligated to actually respond to it.  *United States v. Cossey*, 632 F.3d 82, 88 (2d Cir. 2011) (remanding for resentencing and recognizing that "a court is free, in its discretion, to decline to rely on the psychologist's findings, so long as the court explains its basis for doing so.").

The court's failure to address Dr. Dattilio's report is especially problematic because Mr. Zhinin's risk of recidivism was an especially critical issue, with defense counsel relying on the report to argue that if the court varied downward to the  mandatory minimum sentence of thirty-years, Mr. Zhinin's risk of reoffending upon his release would be very low.  The district court concluded otherwise, but without actually addressing Dr. Dattilio's report and testing.  That was clearly error.  *See United States v. Olhovsky*, 562 F.3d 530, 548 (3d Cir 2009) (remanding

---

[7] Indeed, notwithstanding Mr. Zhinin's assertions, Dr. Dattilio opined that there were "many features" with the minor's demeanor and mannerisms" that should have revealed to Mr. Zhinin that she was immature and inexperienced." (App. 157).

for resentencing where, among other things, the "court never explained why it rejected Dr. Silverman's assessment of the likelihood of recidivism.").[8]  The case should thus be remanded for this reason as well.

## D.    The district court's rationale for imposing a life sentence was patently improper.

The government sets up a straw man and as a result never addresses the full extent of the district court's problematic remarks.  The district court did not merely call Mr. Zhinin's actions "evilness," as the government incorrectly suggests.  Gov't Br. at 53.  Rather, the court repeatedly referred to Mr. Zhinin as being possessed by "evilness," an "evilness" that "lurks within" him, an "evilness" that is so "unmitigable" that Mr. Zhinin would, in the court's view, still be likely to reoffend even after thirty-years of rehabilitation and treatment within the confines of the Bureau of Prisons.  (App. 118, 120).  Notwithstanding the government's protestations, this was the court's primary rationale for imposing a life sentence, rather than the thirty-year mandatory minimum, or something in between thirty-years and life, as his attorney was advocating for.

_____

[8] The government argues that there was a "constellation of . . . errors" in *Olhovsky*.  Gov't Br at 39.  That is correct, but beside the point.  One of the primary errors in *Olhovsky* was the district court's failure to meaningfully consider the psychologist's report and this Court has repeatedly vacated sentences where such a failure of meaningful consideration is the district court's only error.  *See* Appellant's Br. at 31-21.  Here, moreover, there is also a "constellation" of errors.

Notably, the government cites not a single case to support its argument that the court's sentencing rationale was appropriate. To the contrary, courts have repeatedly condemned such speculation about a defendant's risk of recidivism. *See Olhovsky*, 562 F.3d at 547-48 (remanding for resentencing where district court based its sentence, in part, on its fear, contrary to the opinions of the defense experts, that the defendant could become a "pedophile monster."); *United States v. Zabielski*, 711 F.3d 381, 390-91 (3d Cir. 2013) (reviewing cases involving "child pornography and sexual conduct with minors" in which courts' heavy reliance on "beliefs about recidivism" had resulted in procedural error); *United States v. Cossey*, 632 F.3d 82, 87 (2d Cir. 2012) ("While a defendant's propensity to re-offend is a proper consideration under § 3552(a)(2)(C), the court below relied on this single factor, which it linked to its unsupported belief that Cossey was prevented from controlling his behavior due to a genetic inability to do so."); *United States v. Griess*, 971 F.2d 1368, 1373 (6th Cir. 1992) (remanding for resentencing where district court based its sentence, in part, on its "unsubstantiated" view that defendant was "obviously incorrigible," where defendant "only had one adult conviction and several juvenile convictions before his present offenses.").

The government unconvincingly attempts to argue that this case is not like *Cossey*. If anything, however, what occurred here is worse. In *Cossey*, the district

court judge at least specified the nature of his belief regarding the defendant's high likelihood of recidivism.  The judge hypothesized that the defendant had a "gene" which made him want to look at child pornography and that he would therefore be likely to reoffend.  632 F.3d at 87.  The government now calls this explanation "odd," Gov't Br. at 52, but fails to explain why it is any odder than what the court said here.

Just as the judge in *Cossey* believed that the defendant was "genetically incapable of controlling his urges," so too here the court believed that Mr. Zhinin would for the remainder of his life always be likely to commit crime because of the "unmitigable evilness" within him.  And, while it is unclear what the court believed the source of Mr. Zhinin's "unmitigable evil" to be – moral, religious, genetic, or other – the court's vagueness in that regard is hardly a positive, and it certainly does not make the error here any less substantial than it was in *Cossey*.  Here, as well, the court engaged in groundless speculation about Mr. Zhinin's risk of recidivism and, as such, this case, like *Cossey*, must be remanded for resentencing.[9]

---

[9] The government argues that the district court's assessment of Mr. Zhinin's unmitigable evilness and likelihood of recidivism was solidly "grounded" in the fact that he had sex with the minor on two occasions.  Gov't Br. at 54.  That ground, however, is not nearly as "solid" as the government believes.  That Mr. Zhinin committed this offense twice before being apprehended hardly indicates what his likelihood of recidivism would be after the life altering event of his first criminal conviction and the service of a thirty-year sentence, a term which would

16

And, as in *Cossey*, the remand should be to a different district court judge. *Id*. at 89 (remanding to a different judge because "the extent of the discussion concerning Cossey's genetic predisposition to re-offend has raised serious concerns over the objectivity of the judge in resentencing Cossey."). The district court's repeated references to Mr. Zhinin's "evilness," and the court's belief that this evil is "unmitigable," raises the same concerns as in *Cossey* regarding the court's objectivity in resentencing Mr. Zhinin. The remand should thus be to a different judge.

## II.

**Mr. Zhinin's sentence of life imprisonment is substantively unreasonable given that the court's primary basis for it – the court's unsubstantiated speculation that Mr. Zhinin, a first time offender, would still be a "likely" recidivist even after serving a thirty-year mandatory minimum sentence because of the "unmitigable evil" lurking within him – was improper and one which no reasonable sentencing court would adopt.**

The government's brief supports Mr. Zhinin's argument here as well. The government has helped to establish that not only would "no reasonable sentencing

---

include a sex-offender treatment program. The government advanced a similar argument in *Cossey*, but one with much more weight behind it, and still lost. There, the government argued that the district court's assessment of recidivism was based upon the fact that the defendant had continued viewing child pornography even after being the subject of an earlier FBI investigation. 632 F.3d at 88. The Second Circuit found that this would be an appropriate basis for the district court's finding of recidivism, but that the court's remarks about the defendant's "gene" still constituted plain error and required reversal. *Id*. at 89. The same is certainly true here.

court" impose a life sentence on Mr. Zhinin "for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (*en banc*), no court has ever imposed a life sentence in a comparable case, period.  Accordingly, the sentence is substantively, as well as procedurally, unreasonable.  For the reasons discussed above, the case should be remanded to a different judge.

## **CONCLUSION**

For all the foregoing reasons, this case should be remanded to the district

court for resentencing to a different judge.

Respectfully submitted,


/s/ *Robert Epstein*
ROBERT EPSTEIN
Assistant Federal Defender

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

## **CERTIFICATE OF BAR MEMBERSHIP**

It is hereby certified that Robert Epstein is a member of the bar of the Court of Appeals for the Third Circuit.

*/s/ Robert Epstein*
ROBERT EPSTEIN

DATED:  October 10, 2019

## **<u>CERTIFICATION</u>**

I, Robert Epstein, Assistant Federal Defender, Federal Community Defender

Office for the Eastern District of Pennsylvania, hereby certify that the electronic

version of the attached brief was automatically scanned by Symantec Endpoint

Protection, version 14.0, and found to contain no known viruses.  I further certify

that the text in the electronic copy of the brief is identical to the text in the paper

copies of the brief filed with the Court.


*/s/ Robert Epstein*
ROBERT EPSTEIN

DATED:   October 10, 2019

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Robert Epstein, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that appellant's reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as amended December 1, 2016, because this brief contains 4,721 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2010 for Windows 7 word count software in font size 14, type style Times New Roman.

/s/ *Robert Epstein*
ROBERT EPSTEIN

DATED: October 10, 2019

## **CERTIFICATE OF SERVICE**

I, Robert Epstein, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically filed the *Reply Brief for Appellant* and served copies upon Filing User Emily McKillip, Assistant United States Attorney, Chief of Appeals, through the Third Circuit Court of Appeals' Electronic Case Filing (CM/ECF) system.


*/s/ Robert Epstein*
ROBERT EPSTEIN

DATED:  October 10, 2019